UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID LANGENOUR; DEBRA LANGENOUR; ) <br> KELLY LANGENOUR, as trustee for ) <br> Kellee Trust; KKP TRUSTEE ) <br> SERVICES, as trustee for Kellee ) <br> Trust; OXFORD TRUSTEE SERVICES; as ) <br> trustee for Kellee Trust; ) <br> WASHINGTON MUTUAL BANK; MORGAN ) <br> STANLEY DEAN WITTER CREDIT CORP.; ) <br> BANK UNITED OF TEXAS, FSB, ) <br> ) <br> Defendants. ) <br> ) | 2:06-cv-0183-GEB-KJM <br><br> <u>ORDER TO SHOW CAUSE</u> <br> <u>AND CONTINUING STATUS</u> <br> <u>(PRETRIAL SCHEDULING)</u> <br> <u>CONFERENCE</u> |

     The January 27, 2006, Order Setting Status (Pretrial Scheduling) Conference ("January 27 Order") scheduled a status conference in this case for April 17, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference.  The January 27 Order further required that a status report be filed regardless of whether a joint report could be

procured.[1]  Plaintiff filed an untimely status report on April 11, 2006.

Plaintiff and its counsel are Ordered to Show Cause (OSC) no later than 4:00 p.m. on April 25, 2006, why sanctions should not be imposed against Plaintiff and/or its counsel for the failure to file a timely status report under Rule 16(f) of the Federal Rules of Civil Procedure.  The written response shall also state whether Plaintiff or its counsel is at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on June 5, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

/////

/////

/////

/////

/////

---

[1]  As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

January 27 Order at 2 n.1.

[2]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1    In accordance with the requirements set forth in the
2 January 27 Order, the parties shall file a joint status report no
3 later than May 22, 2006.
4    IT IS SO ORDERED.
5 Dated:  April 11, 2006

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge