IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                             CIV S-06-0183 GEB KJM

    vs.

DAVID LAUGENOUR, et al.,              ORDER AND

    Defendants.                       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          Plaintiff's motion to dismiss the cross-claim came on regularly for hearing April 19, 2006. G. Patrick Jennings appeared telephonically for plaintiff. No appearances were made for defendants and cross-plaintiffs David and Debra Laugenour. Upon review of the documents in support and opposition,[1] upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

          Defendants and cross-plaintiffs filed a cross-claim, suing federal employees as individuals, alleging the cross-claim is brought under the authority of 18 U.S.C. § 1964, which provides a private right of action for violations of 18 U.S.C. § 1962, an anti-racketeering statute. See Answer and cross-claim (docket no. 8) at 7:10-11. A Certification of Scope of Employment

---

[1] A motion to strike plaintiff's motion to dismiss was filed, which the court has construed as opposition to the motion to dismiss.

1

1  and Notice of Substitution was properly filed and the United States thus is the only defendant to
2  the cross-claim.  28 U.S.C. § 2679.  The actions of the federal employees complained of here
3  involve collection of assessed tax liabilities, which cannot be considered a violation of 18 U.S.C.
4  § 1962.  Moreover, the instant cross-claim cannot be maintained because there has been no
5  waiver of sovereign immunity.  See United States v. Dalm, 494 U.S. 596, 608 (1990).

6  Defendants and cross-plaintiffs also noticed a motion for summary judgment on
7  the cross-claim for hearing on April 21, 2006.  That date was not available on the law and motion
8  calendar for the undersigned and the hearing accordingly was vacated.  In light of the
9  recommendation that plaintiff's motion to dismiss the cross-claim be granted, the motion for
10 summary judgment should be denied as moot.

11 In cross-plaintiffs' opposition, cross-plaintiffs contend the undersigned should be
12 recused from this matter.  Having carefully considered the matter, with reference to 28 U.S.C.
13 § 455, the undersigned finds no basis for recusal.

14 Accordingly, IT IS HEREBY ORDERED that the undersigned declines to recuse
15 herself from this action; and

16 IT IS HEREBY RECOMMENDED:

17 1. Plaintiff's motion to dismiss David and Debra Laugenour's cross-claim be
18 granted;

19 2. Cross-plaintiffs' motion for summary judgment be denied as moot.

20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 /////
25 /////
26 /////

1  "Objections to Findings and Recommendations."  Any reply to the objections shall be served and
2  filed within ten days after service of the objections.  The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  April 25, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
usa-laugenour.cross.57