MCGREGOR W. SCOTT
United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814
(916)-554-2700

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6513

Attorneys for the Unites States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID E. LAUGENOUR, ) <br> DEBRA L. LAUGENOUR, OXFORD TRUSTEE ) <br> COMPANY as Trustee of Kellee Trust, KELLY ) <br> LAUGENOUR as Trustee of Kellee Trust, ) <br> KKP TRUSTEE SERVICES as Trustee of Kellee ) <br> Trust, WASHINGTON MUTUAL BANK, ) <br> MORGAN STANLEY DEAN WITTER CREDIT ) <br> CORP., AND BANK UNITED OF TEXAS, FSB, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil No. 2: 06-00183-GEB-KJM <br><br> **ORDER OF** <br> **JUDICIAL SALE** |

This Order of Judicial Sale is entered pursuant to the Court's Order granting the United States'

Motion for Summary Judgment and resulting Judgment entered in favor of the United States (both the Order and Judgment were entered on June 13, 2007). Pursuant to the Court's Order and Judgment and the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court hereby orders as follows:

1. David E. Laugenour and Debra L. Laugenour own the parcel of real property that is the subject of this action. The property (hereinafter referred to as the "subject property") is located at 13834 Torrey Pines Drive, Auburn, California 95602 and is legally described as follows:

   Lot 1362, of WESTERN LAKE PROPERTIES, UNIT NO. 2-B, as shown on the Official Map thereof filed in the Office of the County Recorder of the County of Nevada on July 5, 1967, in Book 2 of Subdivision Maps, at Page 95; EXCEPTING THEREFROM all oil, gas, gasoline and other hydro-carbon substances and all other minerals underlying and within the boundaries of such lot below a depth of 100 feet, without right of surface entry, as reserved in Deed recorded September 27, 1967 in Book 431, Page 26, Official Records.

2. The United States' liens against the subject property are hereby foreclosed. The Internal Revenue Service ("IRS") Property Apprisal Liquidation Specialist is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. This Order of Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

3. The IRS is authorized to have free access to the realty and to take all actions necessary to preserve the realty, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the realty, until the deed to the realty is delivered to the ultimate purchaser. Prospective purchasers shall have the

right to make a limited inspection of the interior and exterior of the property.

4. Except as otherwise stated herein, the sale of the subject property shall be by public auction to the highest bidder, free and clear of all liens and interests of David E. Laugenour, Debra L. Laugenour and all other defendants identified in the complaint.

5. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

6. The sale shall be held at a date and time announced by the IRS at the courthouse of the county or city in which the subject property is located, on the premises of the subject property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

7. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Sacramento County, and, at the discretion of the IRS, by any other notice that the IRS or its representative may deem appropriate. The notice of sale shall adhere substantially to the form attached hereto as Exhibit A.

8. A reasonable minimum bid shall be determined by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

9. At the time of the sale, the successful bidder(s) shall be required to deposit with the IRS a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's

check payable to the "United States District Court for the Eastern District of California." Before being permitted to bid at the sale, bidders shall display to the IRS satisfactory proof of compliance with this requirement.

10. The balance of the purchase price of the subject property in excess of the deposit tendered shall be paid by a certified or cashier's check payable to the "United States District Court for the Eastern District of California" to the IRS within thirty (30) days after the date the bid is accepted. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of David E. Laugenour and Debra L. Laugenour at issue herein. The subject property shall be again offered for sale under the terms and conditions of this Order of Judicial Sale. The United States may bid as a credit against its judgment without tender of cash.

11. The sale of the subject property shall not be final until confirmed by this Court. Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States and any other parties to this action shall be discharged and extinguished, and the IRS shall execute and deliver a deed conveying the subject property to the purchaser(s) thereof.

12. Until the subject property is sold, David E. Laugenour and Debra L. Laugenour shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies thereon. David E. Laugenour and Debra

L. Laugenour shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so. David and Debra Laugenour shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so. David E. Laugenour and Debra L. Laugenour shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so.

13. David E. Laugenour and Debra L. Laugenour and any and all other persons occupying the subject property, shall permanently leave and vacate such property within thirty (30) days of entry of this Order of Judicial Sale. David E. Laugenour and Debra L. Laugenour, and any and all other persons occupying the subject property, shall remove all personal property (but leave all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person occupying the subject property fails or refuses to leave and vacate such property within 30 days, the United States Marshal and his representatives and the IRS are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of that person. If any person fails or refuses to remove his or her personal property from the subject property within 30 days, the property remaining on the subject property thereafter is deemed forfeited and abandoned, and the United States Marshal and his representatives and the IRS are authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

14. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the subject property is confirmed by this Court, the subject property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the subject property to the purchasers thereof.

15. The Clerk of the Court shall distribute the amount paid by the purchaser as set forth by Court Order. The Court will issue an Order disbursing the funds after the United States outlines how the funds should be distributed in a motion to confirm sale which shall be filed after the property has been sold and the funds deposited with the Clerk of the Court.

IT IS SO ORDERED.

Dated: July 10, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

Respectfully submitted,

MCGREGOR W. SCOTT
United States Attorney

/s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice

Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202)307-6513

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the: [PROPOSED] ORDER OF JUDICIAL SALE has been made this 10th day of July, 2007, by depositing copies thereof in the United States Mail in a postage prepaid envelope addressed to:

Kelly Laugenour
400 Mission Ranch Boulevard
Apt. 114
Chico, CA 95926

David E. Laugenour
Debra L. Laugenour
13834 Torrey Pines Dr.
Auburn, CA 95602

/s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice